# Buckley, Appellant, *v.* Kilker.

*Equity—Injunction—Preliminary injunction—Execution at law.*

A preliminary injunction will not be granted to stay an execution at law merely because the plaintiff in the execution issued the writ against the complainant's property when there were other properties subject to the lien of the same judgment which had been entered on a joint and several bond; and this is the case although the bill alleges that the attorney for the execution plaintiff was also the attorney for the owners of the other properties bound by the judgment, and that he issued the execution against the complainant's property to save the properties of his clients.

Argued Feb. 18, 1907. Appeal, No. 92, Jan. T., 1907, by plaintiff, from decree of C. P. Schuylkill Co., March T., 1907, No. 2, refusing a preliminary injunction in case of Ellen Buckley v. M. A. Kilker, Solicitor for the School Board of the School District of Girardville Borough, and the School District of the Borough of Girardville. Before MITCHELL, C. J., FELL, BROWN, POTTER and STEWART, JJ. Affirmed.

Bill in equity for an injunction.

The bill was substantially as follows:

Your orator complains and says that she is a resident and taxpayer of the borough of Girardville. And that M. A. Kilker, one of the defendants, is solicitor for the school board of said school district. That one Thomas Horan was tax collector for said school district for four successive years and gave his bond in the sum of $30,000 for each year, upon which four bonds judgments were entered. Your orator under article of agreement, of November 1, 1905, and by deed, of April 14, 1906, purchased two certain lots from Michael Horan, one of the several sureties on said bonds. That on April 11, 1906, the said school board by resolution directed the said M. A. Kilker, its solicitor, to proceed against the bondsmen, to compel them each to pay his or her proportionate share. That the said M. A. Kilker contrary to the instructions given to him by said school board proceeded to collect the whole amount due on the several judgments from the property of your orator. That your orator paid the whole amount due on the first judg-

ment, to wit: $602.78, which was more than her proportionate share due on all of the said judgments, and asked to be subrogated, whereupon the said M. A. Kilker appeared in court as attorney for eight of the defendants in the judgments. That the said M. A. Kilker, without any authority, has since issued two more writs of venditioni exponas, under which your orator's property is advertised for sale on February 9, 1907. That your orator is financially unable to pay the whole amount due for debt and costs on said several judgments and in that way protect herself by subrogation from the effects of the said several unauthorized executions. And your orator believes that her said property is being unjustly and exclusively pursued by said M. A. Kilker because he in fact represents certain of the defendants in said judgments and is laboring to shield them from liability.

The bonds referred to in the bill were joint and several bonds.

The court refused a preliminary injunction.

*Error assigned* was the decree of the court.

*William Wilhelm*, with him *Edward J. Maginnis*, for appellant.

*George M. Roads*, with him *M. A. Kilker*, for appellees.

PER CURIAM, May 13, 1907:

This being a bill for injunction against an execution at law we follow the usual practice in saying that no case has been made out for a preliminary injunction, and dismiss the appeal without discussion of the merits.

Appeal dismissed.